UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Annmarie Donadeo,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　-v-<br><br>The People of the State of New York,<br><br>　　　　　　　　　　Defendant. | 2:24-cv-6093<br>(NJC) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Petitioner Annmarie Donadeo (hereinafter "Petitioner" or "Donadeo"), appearing pro se, petitions this court pursuant to 28 U.S.C. § 2254 ("Section 2254") for habeas corpus relief. (Pet., ECF No. 1.) Petitioner is presently incarcerated following conviction in the Supreme Court, Suffolk County on one count of vehicular manslaughter in the first degree and one count of aggravated driving while intoxicated. (*Id.* at 1.) Donadeo argues for habeas relief solely on the basis that the sentence imposed on her is harsh and excessive. (*Id.* at 5.) Respondent, represented by the Suffolk County District Attorney's Office, opposes the Petition. (Resp., ECF No. 6.) For the reasons explained below, the Petition is DENIED in its entirety.

## BACKGROUND

On August 24, 2021, Donadeo, while intoxicated, drove her car into a parked vehicle and caused the death of a pedestrian. (Plea Tr. at 9–11, ECF No. 7-2 at 1–15.) She was subsequently indicted in Suffolk County on four counts, including a felony charge of vehicular manslaughter in the first degree. (*Id.*; Indictment, ECF No. 7-1 at 63.)

On October 18, 2022, Donadeo, represented by counsel, appeared before the state court and entered a plea of guilty on one count of vehicular manslaughter in the first degree, which is a Class C Felony under New York Penal Law § 125.13, and one count of aggravated driving while intoxicated, which is a Class U misdemeanor under New York Vehicle and Traffic Law § 1192(2-a)(a). (Plea Tr. at 5.) The prosecution pointed out, and the state court affirmed, that the plea was a bargained-for disposition carrying four to twelve years of imprisonment. (*Id.* at 3–4.) Donadeo's defense counsel confirmed the same. (*Id.* at 4.) During the hearing, Donadeo allocuted to driving while intoxicated and striking a parked vehicle, which then pinned a bystander pedestrian to a minivan and ultimately caused his death. (*Id.* at 9–11.) As part of the plea, Donadeo waived her right to appeal. (*Id.* at 7–8, 11–12.) At the plea hearing, defense counsel requested, and was granted, a continuance of Donadeo's sentencing, explaining that she "[was] going for extensive back surgery around the Thanksgiving time." (*Id.* at 12, 14.) Accordingly, sentencing was postponed to March 28, 2023. (Sent'g Tr. at 1, ECF No. 7-2 at 16–28.)

During the March 28, 2023 sentencing, neither Donadeo nor defense counsel made any statements to the court. (*Id.* at 6–7.) Donadeo's counsel, however, advised the court of Donadeo's need for further medical care once incarcerated and provided the court with two letters from her doctors outlining the necessary care. (*Id.* at 2.) The court marked Donadeo's file for medical attention by the Department of Corrections. (*Id.*) The court then sentenced Donadeo to an indeterminate prison term of four to twelve years on the vehicular manslaughter count—a Class C felony. (*Id.* at 9–10.) On the misdemeanor count of aggravated driving while intoxicated, the court sentenced Donadeo to a concurrent prison term of 364 days. (*Id.* at 10.) The court also revoked Donadeo's driving license for one year and placed a release condition on Donadeo

requiring her to install an ignition interlock device on any vehicle she would drive upon release from prison and the restoration of her driver's license. (*Id.* at 11.) Finally, Donadeo was informed of her right to appeal. (*Id.* at 12.)

On February 21, 2024, Donadeo, represented by new counsel on appeal, moved the Appellate Division, Second Department pursuant to Criminal Procedure Law ("C.P.L.") § 470.15(2)(c) to reduce her prison sentence as unduly harsh and excessive. (Not. Mot. Sent. Reduction, ECF No. 7-2 at 62; Aff. Supp. Mot. Sent. Reduction, ECF No. 7-2 at 63–83.) Donadeo argued that her waiver of the right to appeal the sentence as part of her guilty plea was invalid. (*Id.* at 9–13.) In opposition, Respondent argued that the sentence was not unduly harsh or excessive and should not be modified because: (1) the sentence imposed was the same as the sentence negotiated and agreed-upon as part of the plea bargain; (2) the sentence was below the maximum permitted by state law; and (3) the sentence was appropriate and commensurate with the criminal acts to which Donadeo pled guilty. (Opp'n Mot. Sent. Reduction at 2–4, ECF No. 7-2 at 139–146.)

On April 17, 2024, the Second Department rejected Donadeo's arguments and affirmed her sentence as "not excessive." Apr. 17, 2024 N.Y. App. Div. Decision & Order, ECF No. 7-2 at 150; *see also People v. Donadeo*, 209 N.Y.S.3d 574 (N.Y. App. Div. 2024).

On June 6, 2024, Donadeo filed an application for leave to appeal in the Court of Appeals (*see* ECF No. 7-2 at 149, 154–55), which Respondent opposed (ECF No. 7-2 at 162–63). On June 18, 2024, the Court of Appeals denied leave. June 18, 2024 N.Y. Ct. App. Order Denying Leave, ECF No. 7-2 at 164; *see also People v. Donadeo*, 41 N.Y.3d 1017 (2024).

On August 21, 2024, Donadeo, appearing pro se, timely filed the instant petition seeking habeas corpus relief pursuant to Section 2254. (Pet.) Respondent opposes the Petition arguing

that Donadeo does not raise a cognizable federal habeas claim and that, even if she did, her claim is without merit. (Resp., ECF Nos. 6, 6-1.)

## DISCUSSION

To be eligible for habeas relief under Section 2254, a petitioner must satisfy the requirement of being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2254(a). In other words, Donadeo must raise a cognizable federal claim that she is subjected to imprisonment or other limitations on her liberty in violation of her federal rights.

Where like here, Donadeo challenges her state sentence, "[i]t is well settled that an excessive sentence claim . . . does not present a federal constitutional issue when the received sentence 'is within the range prescribed by state law.'" *Chambers v. Lilly*, 735 F. Supp. 3d 196, 249 (E.D.N.Y. 2024) (quoting *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.")); *see also Chen v. Miller*, No. 24-cv-83774, 2025 WL 83774, at *9 (E.D.N.Y. Jan. 13, 2025).

In this case, Donadeo seeks habeas corpus relief on the sole ground that the sentence imposed on her by the state court is "harsh and excessive." (Pet. at 5.) In support, Donadeo argues that she is a "[f]irst time offender" without any past criminal record, that she pled guilty to a non-violent crime, that she was not found to be reckless at the time of the accident, and that she has "extensive medical conditions which are documented." (*Id.*) Donadeo further states that she is "[c]urrently incarcerated with offenders charged with 2 counts of the same crime" as her, who have been sentenced to only one to three years of imprisonment despite having been found to have acted recklessly and despite not having any medical issues. (*Id.*)

First, Donadeo's claim that her sentence to an indeterminate term of four to twelve years of imprisonment is harsh and excessive does not present a cognizable federal claim. *See White*, 969 F.2d at 1383 (per curiam) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."); *Licausi v. Griffin*, 460 F. Supp. 3d 242, 267 (E.D.N.Y. 2020) ("It is well settled that an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law."). Under New York law, a Class C felony, including the crime to which Donadeo pled guilty, is punishable by an indeterminate sentence of a minimum of one year and a maximum of fifteen years. *See* N.Y. Penal Law § 70.00(2)(c), (3)(b). The indeterminate sentence of four to twelve years of imprisonment that was imposed on Donadeo is well within the statutorily prescribed range. (*See* Plea Tr. at 5; Sent'g Tr. at 2.) Accordingly, the Petition fails to present a cognizable federal habeas claim.

Second, to the extent the Petition brings an Eighth Amendment claim, it fails to state a plausible claim. Although the Petition does not explicitly invoke the Eighth Amendment, the Court liberally construes this pro se Petition as bringing such a claim. *See Diaz v. Kopp*, 146 F.4th 301 at 305 (2d Cir. 2025) (guiding that "courts should liberally construe pleadings and briefs," including habeas petitions, "submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest."). However, "the Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime, and in a noncapital case, it is exceedingly rare to uphold a claim that a sentence *within the statutory limits* is disproportionately severe." *United States v. Caracappa*, 614 F.3d 30, 44 (2d Cir. 2010) (emphasis in original) (quotation marks omitted).

5

Notably, Donadeo did not explicitly raise any Eighth Amendment concerns in any of her state court filings, and therefore, this claim fails to satisfy the exhaustion requirement of Section 2254. *See* 28 U.S.C. § 2254(b)(1) (requiring petition to have "exhausted the remedies available in the courts of the State" if there is an "available State corrective process" and no "circumstances exist that render such process ineffective to protect the rights of the applicant"). Donadeo argued for reduction of her sentence on the basis that it was harsh and excessive under state law first before the Appellate Division and then in her application to the Court of Appeals. (*See* Aff. Supp. Mot. Sent. Reduction; ECF No. 7-2 at 149, 154–55.) At no point before either court did Donadeo argue or even imply that her sentence violated rights protected by the U.S. Constitution, including the Eighth Amendment protection against cruel and unusual punishment. (*See* Aff. Supp. Mot. Sent. Reduction; ECF No. 7-2 at 149, 154–55.) Donadeo also has failed to explain her failure to bring the any claim under the U.S. Constitution before any of the aforementioned state courts.[1]

Where, as here, a court is confronted with a "mixed" Petition, that is one containing exhausted and unexhausted claims, the court is within its discretion to deny the Petition on the merits, despite the petitioner's failure to exhaust available state remedies. *See* 28 U.S.C. § 2254 (b)(2); *see also Pratt v. Greiner*, 306 F.3d 1190, 1196–97 (2d Cir. 2002) ("A district court confronted with a mixed petition . . . may . . . deny a petition on the merits even if it contains an unexhausted claim.").

---

[1] Donadeo did not file a reply responding to Respondent's argument in opposition to the Petition that Donadeo failed to exhaust any potential Eighth Amendment claim in the state courts prior to raising it in the Petition. (*See* Opp'n at 3.)

As discussed, Donadeo exhausted the claim that her sentence is harsh and excessive in the state courts but failed to exhaust her claim that the sentence violates the Eighth Amendment. (*See* Aff. Supp. Mot. Sent. Reduction; ECF No. 7-2 at 149, 154–55.) Because Donadeo's sentence is within the statutorily permissible range for vehicular manslaughter and the record is devoid of any indication that her sentence was grossly disproportionate to the crime to which she plead guilty, the Court denies this unexhausted Eighth Amendment claim.

## CONCLUSION

For the aforementioned reasons, the Court denies the Petition (ECF No. 1). The Clerk of the Court is respectfully directed to dismiss the Petition, close the case, and mail a copy of this Order to Petitioner.

The Court declines to issue a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
October 16, 2025

    */s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge